EMARD DANOFF PORT TAMULSKI & WALOVICH LLP
Gerald L. Gorman (69663)
James J. Tamulski (64880)
49 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone: (415) 227-9455
Facsimile: (415) 227-4255
E-Mail: ggorman@edptlaw.com
jtamulski@edptlaw.com

Attorneys for Plaintiff
Nielsen Beaumont Marine, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIELSEN BEAUMONT MARINE, INC., <br><br>Plaintiff, <br><br>vs. <br><br>M/V BENETTI PREDATOR, HER ENGINES, APPURTENANCES, ETC. IN REM; BENETTI PACIFIC, LLC an Oregon LLC (inactive); ARTHUR STOCKTON, an individual, <br><br>Defendants. | Case No.: **'13CV2784 W    NLS** <br><br>**COMPLAINT FOR MARITIME LIEN [F.R.C.P. SUPPLEMENTAL ADMIRALTY RULE C]; BREACH OF CONTRACT** |

Plaintiff Nielsen Beaumont Marine, Inc., (hereinafter "NBMI"), alleges this Verified Complaint against M/V BENETTI PREDATOR, her engines, appurtenances, etc. in rem, and BENETTI PACIFIC, LLC an Oregon LLC (inactive) and ARTHUR STOCKTON, an individual, in personam, pursuant to Supplementary Admiralty Rule C and other Federal Rules of Civil Procedure, as follows:

1.  This Court has jurisdiction pursuant to 28 U.S.C. § 1333. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.  The relief requested is available pursuant to the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty for Maritime Claims and Asset Forfeiture Actions, Rule C.

3. This is an action instituted in accordance with the provisions of 9 U.S.C. §8 in order to obtain security and jurisdiction, and no waiver is intended of the rights of Plaintiff to commence and/or to continue in arbitration in accordance with the provisions, terms and conditions of the hereinafter described contract between the parties, which rights are specifically reserved.

4. Plaintiff NBMI is and at all relevant times was a valid California corporation, with a principal place of business in San Diego, California.

5. The vessel M/V BENETTI PREDATOR, USCG O.N. 1032808 (hereinafter the "Vessel"), is a vessel registered in the State of California and is now or during the pendency of this action will be within this District and within the jurisdiction of this Court.

6. Upon information and belief, defendant BENETTI PACIFIC, LLC an Oregon LLC (inactive) (hereinafter "BENETTI") is an inactive limited liability company existing under the laws of the State of Oregon, and is the registered owner of the Vessel.

7. Upon information and belief, defendant Arthur Stockton, an individual (hereinafter "Stockton") is a managing member of BENETTI and is a resident of the State of California.

**FIRST CAUSE OF ACTION**

**(Against the Vessel for Maritime Lien)**

8. NBMI repeats and realleges by reference the allegations contained in paragraphs 1- 7 as if specifically set forth herein.

9. On or about April 1, 2013, NBMI, a boatyard, entered into a contract with BENETTI and Stockton to effect certain repairs to the Vessel. The contract was in the form of a Work Order Agreement. A true and correct copy of the Work Order Agreement is attached hereto as Exhibit A.

10. NBMI completed and invoiced the repairs on June 24, 2013 and July 15, 2013. In August 2013, the Vessel sustained water damage. NBMI took immediate action to haul the vessel, pump out the water in the vessel and to secure it from further water intrusion. NBMI also engaged a marine surveyor to examine the vessel in order to determine the scope and extent of

EMARD DANOFF PORT
TAMULSKI & WALOVICH LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 2 -

COMPLAINT FOR MARITIME LIEN; BREACH OF CONTRACT
Case No.

1  damage.  The Statement of the costs associated with the repairs and the water intrusion is

2  attached hereto as Exhibit B.

3      11.    Following the completion of the repairs, BENETTI and Stockton failed to arrange

4  to pick up the Vessel and to make payment.

5      12.    NBMI has not received payment for its repairs and services, although NBMI has

6  duly demanded payment.

7      13.    BENETTI and Stockton have failed to fulfill their obligations under the Work

8  Order Agreement and therefore are in default of the Work Order Agreement.

9      14.    By operation of law, NBMI has a maritime lien on the Vessel for the amount

10  owed pursuant to the terms of the Work Order Agreement.  NBMI is entitled to assert and

11  enforce the maritime lien in the amount of $16,003.90 plus attorney's fees, expert's fees, costs

12  and interest, all pursuant to agreement.

13      15.    NBMI expressly reserves the right to amend this Verified Complaint to allege

14  additional amounts due and owing under the terms of the Work Order Agreement at any time.

## SECOND CAUSE OF ACTION

### (Against BENETTI and Stockton for Breach of Contract)

17      16.    NBMI repeats and realleges by reference the allegations contained in paragraphs

18  1- 15 as if specifically set forth herein.

19      17.    By failing to settle its account and remove the Vessel to its regular berth,

20  BENETTI and Stockton have breached their obligations under the terms of the Work Order

21  Agreement.  That breach of contract has resulted in damages to NBMI in the amount of

22  $16,003.90, plus interest.

23      18.    BENETTI and Stockton therefore are liable to NBMI in the amount of

24  $16,003.90,  plus attorney's fees, expert's fees, costs and interest, all pursuant to Agreement.

25  WHEREFORE Plaintiff NBMI prays:

26      1.    That process be issued in rem against the Vessel, her engines, appurtenances, etc.,

27  and that all persons claiming any right or interest in the Vessel be cited to appear, file a Claim,

28  and answer this Complaint;

EMARD DANOFF PORT
TAMULSKI & WALOVICH LLP
49 Stevenson Street
Suite 400
San Francisco, CA  94105

COMPLAINT FOR MARITIME LIEN; BREACH OF CONTRACT
Case No.

2. That NBMI's claim against the Vessel be adjudged a preferred maritime lien;

3. That a Warrant of Arrest, in due form of law, according to the course and practice of this Honorable Court in causes of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, may issue against the Vessel and her engines, appurtenances, etc., and all other necessaries and equipment belonging and appurtenant thereto, may be seized, condemned and sold to pay the demands and claims aforesaid, with interest, attorneys' fees, expert's fees and costs, that NBMI may have such other and further relief as in law and justice it may be entitled to receive;

4. That judgment be issued against the Vessel, in rem, in the full amount described in the Complaint, as it may be amended, plus interest, charges, attorneys' fees, expert's fees and costs, as well as any and all other amount required to be paid by BENETTI and Stockton under the Work Order Agreement and further that NBMI reserves its right to proceed against BENETTI and Stockton for any deficiency that may remain due after applying the available proceeds of the sale of the Vessel to the judgment herein;

5. That BENETTI and Stockton be compelled to arbitrate this dispute in San Diego County in compliance with paragraph H of the Work Order Agreement; and

6. That NBMI be awarded such other relief as the Court may deem proper.

Dated: November 25, 2013        EMARD DANOFF PORT TAMULSKI & WALOVICH LLP

By      /s/ Gerald L. Gorman
            Gerald L. Gorman
Attorneys for Plaintiff
Nielsen Beaumont Marine, Inc.
Email: ggorman@edptlaw.com

EMARD DANOFF PORT
TAMULSKI & WALOVICH LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 4 -

COMPLAINT FOR MARITIME LIEN; BREACH OF CONTRACT
Case No.